**Robert J. PELLETIER,**
**Plaintiff–Appellee,**

v.

**FEDERAL HOME LOAN BANK OF SAN FRANCISCO; United States of America, Defendants,**

**John W. Behrens, Defendant–Appellant.**

**No. 94–56507.**

United States Court of Appeals, Ninth Circuit.

June 3, 1998.

Before: SCHROEDER and REINHARDT, Circuit Judges, and KING, District Judge.*

Before the panel are petitions for rehearing of our opinion filed December 3, 1997 *Pelletier v. Federal Home Bank of San Francisco,* 130 F.3d 429 (9th Cir.1997) (*Pelletier* II). While the parties continue to dispute the merits of plaintiff's claims, they agree that in our opinion we neglected to address directly plaintiff's claim that defendant Behrens interfered with plaintiff's future employment prospects in the banking industry. That claim stems from alleged communications to Pelletier's prospective employers of Behrens' letter that resulted in plaintiff's termination from his conditional position with Pioneer Savings and Loan Association. We have held that Behrens was entitled to immunity on plaintiff's claim that

---

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

the termination itself violated due process, because plaintiff had no clearly established liberty or property interest in a position that was conditioned upon regulatory approval. *Pelletier* II, 130 F.3d at 431. We grant rehearing for the limited purpose of addressing the claim of interference with future employment prospects.

This case was originally before us in an appeal from the district court's denial of motions to dismiss rather than for summary judgment on both claims, *Pelletier v. Federal Home Bank of San Francisco*, 968 F.2d 865, 871 (9th Cir.1992) (*Pelletier* I). We referred to plaintiff's claim of a conspiracy to deny him future employment. *See id.* at 872. We said those allegations were sufficient to withstand a motion to dismiss, although we noted that the vague conspiracy theories alleged in the complaint would not likely survive a motion for summary judgment. *See id.*

The subsequent record before the district court on summary judgment contains little by way of evidence fleshing out the allegations of conspiracy. Rather, Pelletier relies upon evidence that Behrens circulated the letter widely within the offices of the Federal Home Bank in San Francisco at the time it was written. It is not shown how such internal circulation could have had any adverse affect on Pelletier's subsequent relations with other employers. Pelletier also relies upon evidence that he himself was forced to communicate the contents of the letter to future employers in order to document his employment history fully. Because plaintiff's termination from Pioneer as a result of the letter violated no clearly established liberty or property interest, the existence of the letter as part of Pelletier's employment history could not violate any clearly established interest either.

The order of the district court denying defendant's motion for summary judgment on plaintiff's claim of continuing interference with employment prospects is reversed and the case is remanded with instructions to the district court to enter judgment in favor of Behrens on that claim as well as Pelletier's claim that Behrens violated due process when he caused Pelletier's termination from Pioneer.

The petitions for rehearing are otherwise denied.